IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KLEIN TOOLS, INC.,<br><br>　　　　　　　Defendant. | Case No. 1:25-cv-04689<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Milwaukee Electric Tool Corporation ("Milwaukee Tool" or "Plaintiff") brings this action for infringement of U.S. Patent No. 11,656,067 ("the '067 Patent") against Defendant Klein Tools, Inc. ("Klein Tools" or "Defendant"). Plaintiff alleges as follows:

### THE PARTIES

1. Milwaukee Tool is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin, 53005.

2. On information and belief, Klein Tools is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 450 Bond Street, Lincolnshire, Illinois 60069.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Klein Tools, including because Klein Tools maintains its corporate headquarters and principal place of business in this District, thus availing itself of the laws of Illinois. Further, this Court also has personal jurisdiction over Klein Tools because Klein Tools conducts substantial business in this District, and the specific acts of infringement complained of herein are being committed in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, including because Klein Tools has a regular and established place of business in this District and the specific acts of infringement complained of herein are being committed in this District.

## FACTUAL BACKGROUND

7. Milwaukee Tool, founded in 1924, is a global leader in delivering innovative solutions to the professional construction trades that increase productivity and safety. Milwaukee Tool is well known as a manufacturer and worldwide marketer of heavy-duty, portable electric power tools, hand tools, tool accessories, and innovative storage products.

8. Through relentless innovation and rigorous in-field research, Milwaukee Tool has developed tape measures that deliver unmatched reliability and precision, setting new standards in the industry. Milwaukee Tool's tape measures are designed for ultimate reach and standout with the straightest and stiffest blades.

## U.S. PATENT NO. 11,656,067

9. Milwaukee Tool owns by assignment all rights, title, and interests in and to U.S. Patent No. 11,656,067 ("the '067 Patent"). A true and correct copy of the '067 Patent is attached as **Exhibit 1**.

10. The '067 Patent entitled "Tape Measure with Tape Blade Profile Increasing Tape Standout" with named inventors Jonathan E. Vitas and Abhijeet A. Khangar issued on May 23, 2023. The '067 Patent is a continuation of U.S. Application No. 16/927,693, filed Jul. 13, 2020, now U.S. Pat. No. 11,022,416, which is a continuation U.S. Application No. 16/113,695, filed Aug. 27, 2018, now U.S. Pat. No. 10,712,142, which is a continuation of International Application No. PCT/US2018/047759, filed Aug. 23, 2018, which claims the benefit of and priority to U.S. Provisional Application No. 62/702,575, filed on Jul. 24, 2018, and U.S. Provisional Application No. 62/549,511, filed on Aug. 24, 2017.

11. The '067 Patent is valid and enforceable.

12. The '067 Patent is generally directed to a tape measure that includes a tape measure blade with a profile shape that increases tape standout. The tape blade may have a flat width greater than or equal to 29 mm and less than 32 mm.

13. Klein Tools had knowledge of the '067 Patent at least as of the date of the filing and service of this Complaint.

## KLEIN TOOLS' UNLAWFUL CONDUCT

14. Klein Tools manufactures and sells hand tools and accessories to its customers, including a variety of tape measures.

15. Klein Tools' line of tape measures includes a number of products, which, as set forth below, infringe directly or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the '067 Patent.

16. Specifically, at least the following Klein Tools products infringe, directly or indirectly, literally or under the doctrine of equivalents, at least one claim of the '067 Patent:

(i) Tape Measure, 25-Foot Magnetic Double-Hook, model 9225 (https://www.kleintools.com/catalog/tape-measures/tape-measure-25-foot-magnetic-double-hook-0) (last visited Apr. 29, 2025);

(ii) Tape Measure, 25-Foot Single-Hook Auto-Lock, model 9125AL (https://www.kleintools.com/catalog/tape-measures/tape-measure-25-foot-single-hook-auto-lock) (last visited Apr. 29, 2025); and

(iii) Tape Measure, 25-Foot Single Hook, model 9125 (https://www.kleintools.com/catalog/tape-measures/tape-measure-25-foot-single-hook-0) (last visited Apr. 29, 2025)

(collectively, "the Accused Products").

17. On information and belief, the opportunity for additional discovery will likely result in the identification of additional Klein Tools tape measures that infringe at least one claim of the '067 Patent.

## COUNT I
## INFRINGEMENT OF THE '067 PATENT

18. Milwaukee Tool incorporates by reference the allegations in preceding paragraphs 1-17 as if fully set forth herein.

19. Klein Tools makes, uses, sells, offers for sale, and/or imports the Accused Products in the United States.

20. Klein Tools has directly infringed and continues to directly infringe—literally and/or under the doctrine of equivalents—one or more claims of the '067 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sale, and/or importing into the United States the Accused Products. Representative claim 1 of the '067 Patent is reproduced below:

1. A tape measure comprising:

a housing;

a tape reel rotatably mounted within the housing;

4

an elongate blade wound around the reel, the elongate blade comprising:

an upper surface;

a lower surface;

an elongate metal core having a first thickness, T1, between 0.12 mm and 0.14 mm;

a length between 15 feet and 40 feet;

a flat width of 20 mm to 40 mm;

a curved profile such that the upper surface of the elongate blade defines a concave surface and the lower surface defines a convex surface;

a curved width, wherein the curved width is less than the flat width; and

a curved height between 8.5 mm and 9.5 mm;

wherein a ratio of the curved width to the flat width is between 0.6 and 0.8;

wherein a ratio of curved height to flat width is greater than 0.285;

wherein a standout distance of the elongate blade from the housing is greater than 150 inches; and

a retraction system coupled to the tape reel, wherein the retraction system drives rewinding of the elongate blade on to the tape reel.

21. By way of example, on its webpage, Klein Tools makes and advertises the Accused Products as part of its line of tape measures.



22. Klein Tools' website depicts the Accused Products. One exemplary image is provided below showing the Klein Tape Measure model 9225, which includes a tape measure that infringes Claim 1 of the '067 Patent:

6



23. Exhibits 2-5 for example, provide additional printouts of Klein Tools' webpages depicting the Accused Products.

24. Klein Tools has also published videos demonstrating the Accused Products. *See, e.g.* (https://www.youtube.com/watch?v=sb92AJHCqpQ) (last visited Apr. 29, 2025). One such video published by Klein Tools demonstrates the Accused Products while noting the increased standout of the tape measure blade, as claimed by the '067 Patent. *See id.* (minute 0:05-0:09).

25. As non-limiting examples based on Milwaukee Tool's current investigation, the Accused Products each meet the elements of at least claim 1 of the '067 Patent.

7

26. As shown and described on Klein Tool's website, each of the Accused Products has:

- a housing;

- a tape reel rotatably mounted within the housing;

- an elongate blade would around the reel with an upper surface and a lower surface;

- a curved profile where the upper surface of the elongate blade is concave and the lower surface is convex; and

- a retraction system coupled to the tape reel, wherein the retraction system drives rewinding of the elongate blade on to the tape reel.

27. Additionally, each of the Accused Products also has the measurements and associated ratios shown in the charts below:

|  | **Claim 1** | **Klein 9225R** | **Klein 9125AL** | **Klein 9125** |
|---|---|---|---|---|
| Flat Width | 20-40 mm | 32 mm | 32 mm | 32 mm |
| Curved Width | less than flat width | 23.9828 mm | 23.15 mm | 23.36092 mm |
| Curved Height | 8.5-9.5 mm | 9.1859 mm | 9.2913 | 9.3356 mm |
| Ratio CW/FW | 0.6-0.8 | 0.749463 | 0.723438 | 0.730029 |
| Ratio CH/FW | greater than 0.285 | 0.287059 | 0.290353 | 0.291738 |
| Metal Core Thickness | 0.12-0.14 mm | 0.13 mm | 0.13 mm | 0.13 mm |
| Blade Length | between 14 & 40 ft | 26 ft | 26 ft | 26 ft |
| Standout | greater than 150 inches | 156 inches | 171 inches | 171 inches |

28. In view of the components described in paragraph 26 and the measurements and ratios identified in paragraph 27, the Accused Products directly infringe at least claim 1 of the '067 Patent.

29. Klein Tools also indirectly infringes one or more claims of the '067 Patent in violation of 35 U.S.C. § 271(b) by actively inducing direct infringement by others.

30. On information and belief, Klein Tools induces its customers, distributors, and/or end users to directly infringe one or more claims of the '067 Patent at least by providing instructions indicating how to use the Accused Products and informing its customers in its advertisements relating to the Accused products.

31. Klein Tools' website also includes a "BUY NOW" option which provides customers with a list of online retailers from which they can purchase the Accused Products directly.




9



32. Klein Tools was aware of its infringement of the '067 Patent by at least as early as of the date of the filing and service of this Complaint.

33. On information and belief, despite Klein Tools' knowledge of the '067 Patent and knowledge that customers will necessarily infringe the '067 Patent when the Accused Products are used as instructed, Klein Tools continues to encourage infringement.

34. Klein Tools also contributorily infringes one or more claims of the '067 Patent in violation of 35 U.S.C. §271(c). Specifically, Klein Tools contributes to the infringement by its customers, distributors, and/or end users as it has known, at least as of the date of the filing and service of this Complaint, that the Accused Products are especially made or especially adapted for use in infringing one or more claims of the '067 Patent. Additionally, the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

35. On information and belief, Klein Tools' infringement of the '067 Patent is and continues to be willful. On information and belief, Klein Tools had knowledge of the '067 Patent,

at least as of the date of the filing and service of this Complaint. Despite this knowledge, Klein Tools continues to knowingly, willfully, deliberately, maliciously, and in bad faith infringe one or more claims of the '067 Patent, and, in doing so, knew or should have known that its conduct amounted to infringement. Thus, Klein Tools' infringing actions have been and continue to be consciously and purposefully wrongful, entitling Milwaukee Tool to treble damages under 35 U.S.C. § 284.

36. Klein Tools has committed and continues to commit the above acts of infringement without license or authorization.

37. As a result of Klein Tools' infringement of the '067 Patent, Milwaukee Tool has suffered damages and will continue to suffer damages under 35 U.S.C. § 284.

38. This case is exceptional, and Milwaukee Tool is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Milwaukee Tool prays for judgment against Defendant Klein Tools, and respectfully request the following relief:

A. Enter judgment that Klein Tools has directly infringed one or more claims of the '067 Patent under 35 U.S.C. § 271(a);

B. Enter judgment that Klein Tools has induced infringement of one or more claims of the '067 Patent under 35 U.S.C. § 271(b);

C. Enter judgment that Klein Tools has contributorily infringed one or more claims of the '067 Patent under 35 U.S.C. §271(c);

D. Declare that the '067 Patent is valid and enforceable;

E. Declare that the infringing acts by Klein Tools has caused irreparable harm to Milwaukee Tool and that continued infringing acts by Klein Tools is likely to cause further irreparable harm to Milwaukee Tool;

F. Enter a permanent injunction under 35 U.S.C. § 283 to enjoin Klein Tools and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from making, importing, offering to sell, selling, or using a product that infringes the '067 Patent;

G. Enter judgment awarding Milwaukee Tool damages including lost profits, but in no event less than a reasonable royalty, together with pre-judgment interest and costs, post judgment interest pursuant to 28 U.S.C. § 1961, and all other damages permitted by 35 U.S.C. § 284 for Klein Tools' infringement of the '067 Patent;

H. Enter judgment for an accounting of any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

I. Enter judgment that Klein Tools has willfully infringed, and is continuing to willfully infringe, the '067 Patent and award Milwaukee enhanced damages up to three times the amount of damages found or measured;

J. Declare that this is an exceptional case under 35 U.S.C. § 285 and award Milwaukee Tool reasonable attorney's fees; and

K. Enter judgment awarding Milwaukee Tool other legal and equitable relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(c), Plaintiff demands a jury trial.

Dated: April 29, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jason C. White*
Jason C. White
Scott D. Sherwin
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601-5094
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
scott.sherwin@morganlewis.com

Michael Barboun (to be admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: 215.963.5000
Fax: 215.963.5001
michael.barboun@morganlewis.com

*Attorneys for Plaintiff Milwaukee Electric Tool Corporation*